CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (Midland)
## CRIMINAL DOCKET FOR CASE #: 7:08-cr-00209-RAJ-1

Case title: USA v. Brown

Magistrate judge case number: 7:08-mj-00267-LSP

Date Filed: 10/22/2008

Date Terminated: 05/12/2013

Assigned to: Judge Robert A. Junell

**Defendant (1)**

| | | |
|---|---|---|
| **Tyrone Deshaun Brown**<br>*TERMINATED: 05/12/2013* | represented by | **Tyrone Deshaun Brown**<br>#17700-280<br>FCI Herlong<br>P.O. Box 800<br>Herlong, CA 96113<br>PRO SE |
| | | **Dusty Gallivan**<br>Ector County Attorney<br>300 N. Grant, Room 201<br>Odessa, TX 79761<br>(432) 498-4150<br>Fax: 432-498-4154<br>Email: Dustygallivan1970@gmail.com<br>*TERMINATED: 04/24/2009*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| NARCOTICS - SELL, DISTRIBUTE, OR DISPENSE Defendant did possess with intent to distribute a controlled substance 5 grams or more of cocaine base, "Crack", in violation of Title 21 USC 841(a)(1) and 841(b)(1)(B)<br>(2) | It is ordered the defendant shall pay a special assessment of $100.00. The defendant is hereby committed to the custody of the BOP for 70 months. Upon release, the defendant shall be on supervised release for 5 years. The defendant shall pay a fine of $2,500.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| NARCOTICS - MANUFACTURE Defendant did knowingly and intentionally maintain a place for the purpose of manufacturing and distributing "Crack" in violation of Title 21 USC 856(a)(2) (1) | Dismissed count 1 on government's motion. |
| VIOLENT CRIME/DRUGS/MACHINE GUN Defendant did possess a firearm in furtherance of a drug trafficking crime charged in Count Two in violation of Title 18 USC 924(c)(1) (3) | Dismissed count 3 on government's motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| 21:841A=CD.F, 18:924C.F On or about October 10, 2008 in Midland County, in the Western District of Texas defendant did knowingly and intentionally possess with intent to distribute approximately five(5) or more grams of cocaine base "crack" in violation of Title 21 USC 841(a)(1); did knowingly and intentionally possess a firearm to wit: a Smith and Wesson model 4566 .45 caliber simi-auto handgun in furtherance of a drug trafficking offense in violation of Title 18 USC 924(c) | |

---

**Plaintiff**

| **USA** | represented by | **Jeffrey Parras** |
|---|---|---|
| | | Law Offices of Jeff Parras |
| | | 908 West Wall Street |
| | | Midland, TX 79701 |
| | | (432) 687-1606 |
| | | Email: jparras@parraslaw.net |
| | | *TERMINATED: 04/13/2011* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**John S. Klassen**
U.S. Attorney's Office
Assistant U.S. Attorney
400 W. Illinois, Suite 1200
Midland, TX 79701
(432)686-4110
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/11/2008 | | Arrest of Tyrone Brown (cl, ) [7:08-mj-00267-LSP] (Entered: 10/16/2008) |
| 10/14/2008 | 1 | COMPLAINTas to Tyrone Brown. (cl, ) Modified on 10/17/2008 to correct file date(kc, ). [7:08-mj-00267-LSP] (Entered: 10/16/2008) |
| 10/14/2008 | 2 | Arrest Warrant Returned Executed on 10/11/08 as to Tyrone Brown. (cl, ) [7:08-mj-00267-LSP] (Entered: 10/16/2008) |
| 10/15/2008 | 3 | Minute Entry for proceedings held before Judge L. Stuart Platt:Initial Appearance as to Tyrone Brown held on 10/15/2008 (Minute entry documents are not available electronically.) Detention Hearing set for 10/27/2008 09:00 AM before Judge L. Stuart Platt. Preliminary Examination set for 10/27/2008 09:00 AM before Judge L. Stuart Platt. (Court Reporter Digital.) (cl, ) [7:08-mj-00267-LSP] (Entered: 10/16/2008) |
| 10/15/2008 | | Attorney Dusty Gallivan for Tyrone Brown added (cl, ) [7:08-mj-00267-LSP] (Entered: 10/16/2008) |
| 10/15/2008 | 4 | * MOTION to Detain Defendant without Bond by USA as to Tyrone Brown. (cl, ) [7:08-mj-00267-LSP] (Entered: 10/16/2008) |
| 10/15/2008 | 5 | ORDER OF TEMPORARY DETENTION: Bond set to No Bond as to Tyrone Brown. Signed by Judge L. Stuart Platt. (cl, ) [7:08-mj-00267-LSP] (Entered: 10/16/2008) |
| 10/17/2008 | 6 | ORDER Describing Reasons For Delaying Preliminary Examination and Detention Hearing as to Tyrone Brown. Signed by Judge L. Stuart Platt. (cl, ) [7:08-mj-00267-LSP] (Entered: 10/20/2008) |
| 10/22/2008 | 7 | INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E-Government Act of 2002 as to Tyrone Deshaun Brown (1) count(s) 1, 2, 3. (ddl, ) (Additional attachment(s) added on 1/15/2009: # 1 Indictment) (sm, ). (Entered: 10/24/2008) |
| 10/22/2008 | 8 | STANDING ORDER regarding standing orders for the Western District of Texas on website as to Tyrone Deshaun Brown. Signed by Judge Robert A. Junell. (ddl, ) (Entered: 10/24/2008) |
| 10/23/2008 | 9 | ORDER OF DETENTION: Bond set to No Bond as to Tyrone Deshaun Brown. Signed by Judge L. Stuart Platt. (sm, ) (Entered: 10/24/2008) |
| 10/23/2008 | 10 | Minute Entry for proceedings held before Judge L. Stuart Platt:Arraignment as to Tyrone Deshaun Brown (1) Count 1,2,3. Plea of not guilty entered on 10/23/2008 |

| | | |
|---|---|---|
| | | (Minute entry documents are not available electronically.) (Court Reporter Digital.) (cl, ) (Entered: 10/28/2008) |
| 10/23/2008 | 11 | Minute Entry for proceedings held before Judge L. Stuart Platt:Detention Hearing as to Tyrone Deshaun Brown held on 10/23/2008 (Minute entry documents are not available electronically.) (Court Reporter Digital.) (cl, ) (Entered: 10/28/2008) |
| 10/23/2008 | 12 | WITNESS LIST by USA as to Tyrone Deshaun Brown (cl, ) (Entered: 10/28/2008) |
| 10/29/2008 | 13 | ORDER as to Tyrone Deshaun Brown, ( Plea Agreement due by 11/20/2008., Docket Call set for 11/5/2008 10:00 AM before Judge L. Stuart Platt., Jury Selection set for 12/1/2008 08:30AM before Judge Robert A. Junell., Jury Trial set for 12/1/2008 08:30 AM before Judge Robert A. Junell). Signed by Judge L. Stuart Platt. (ddl, ) (Entered: 10/29/2008) |
| 11/05/2008 | 14 | Minute Entry for proceedings held before Judge L. Stuart Platt:Docket Call as to Tyrone Deshaun Brown held on 11/5/2008 (Minute entry documents are not available electronically.) (Court Reporter Digital.) (sm, ) (Entered: 11/05/2008) |
| 11/14/2008 | 15 | * MOTION to Continue by USA as to Tyrone Deshaun Brown. (Parras, Jeffrey) (Entered: 11/14/2008) |
| 11/19/2008 | 16 | ORDER TO CONTINUE - Ends of Justice as to Tyrone Deshaun Brown, ( Jury Selection reset for 1/5/2009 08:30AM before Judge Robert A. Junell., Jury Trial reset for 1/5/2009 08:30 AM before Judge Robert A. Junell.), Motions terminated as to Tyrone Deshaun Brown: Granting 15 * MOTION to Continue filed by USA.. Signed by Judge Robert A. Junell. (sm, ) (Entered: 11/19/2008) |
| 11/19/2008 | 17 | ORDER as to Tyrone Deshaun Brown, ( Plea Agreement due by 12/22/2008., Docket Call set for 12/10/2008 10:00 AM before Judge L. Stuart Platt., Jury Selection set for 1/5/2009 08:30AM before Judge Robert A. Junell., Jury Trial set for 1/5/2009 08:30 AM before Judge Robert A. Junell). Signed by Judge L. Stuart Platt. (sm, ) (Entered: 11/19/2008) |
| 12/03/2008 | 18 | MOTION to Suppress *Evidence* by Tyrone Deshaun Brown. (Gallivan, Dusty) (Entered: 12/03/2008) |
| 12/03/2008 | 19 | ORDER SETTING as to Tyrone Deshaun Brown, Set/Reset Motion Hearing in case as to Tyrone Deshaun Brown 18 MOTION to Suppress *Evidence*.( Motion Hearing set for 12/17/2008 09:30 AM before Judge Robert A. Junell). Signed by Judge Robert A. Junell. (ddl, ) (Entered: 12/03/2008) |
| 12/10/2008 | 20 | Minute Entry for proceedings held before Judge L. Stuart Platt:Docket Call as to Tyrone Deshaun Brown held on 12/10/2008 (Minute entry documents are not available electronically.) (Court Reporter Digital.) (sm, ) (Entered: 12/11/2008) |
| 12/16/2008 | 21 | RESPONSE in Opposition by USA as to Tyrone Deshaun Brown re 18 MOTION to Suppress *Evidence* filed by Defendant Tyrone Deshaun Brown (Parras, Jeffrey) (Entered: 12/16/2008) |
| 12/17/2008 | 22 | Minute Entry for proceedings held before Judge Robert A. Junell:Motion Hearing as to Tyrone Deshaun Brown held on 12/17/2008 re 18 MOTION to Suppress *Evidence* filed by Tyrone Deshaun Brown (Minute entry documents are not available electronically.) |

| | | (Court Reporter Todd Anderson.) (sm, ) (Entered: 12/17/2008) |
|---|---|---|
| 12/17/2008 | | ORAL ORDER DENYING 18 Motion to Suppress as to Tyrone Deshaun Brown (1). Signed by Judge Robert A. Junell. (sm, ) (Entered: 12/17/2008) |
| 12/17/2008 | 23 | WITNESS LIST by USA as to Tyrone Deshaun Brown (sm, ) (Entered: 12/17/2008) |
| 12/17/2008 | 24 | EXHIBIT LIST by USA as to Tyrone Deshaun Brown (sm, ) (Entered: 12/17/2008) |
| 12/29/2008 | 25 | ORDER RESETTING as to Tyrone Deshaun Brown, ( Jury Selection reset for 1/20/2009 08:30AM before Judge Robert A. Junell., Jury Trial reset for 1/20/2009 08:30 AM before Judge Robert A. Junell.). Signed by Judge Robert A. Junell. (sm, ) (Entered: 12/29/2008) |
| 12/31/2008 | 26 | WITNESS/EXHIBIT LIST by Tyrone Deshaun Brown (Gallivan, Dusty) (Entered: 12/31/2008) |
| 01/12/2009 | 27 | ORDER RESETTING as to Tyrone Deshaun Brown re 17 Order,, Set Deadlines/Hearings,, ( Jury Selection reset for 1/21/2009 08:30AM before Judge Robert A. Junell., Jury Trial reset for 1/21/2009 08:30 AM before Judge Robert A. Junell.). Signed by Judge Robert A. Junell. (sm, ) (Entered: 01/12/2009) |
| 01/14/2009 | 28 | WITNESS LIST by Tyrone Deshaun Brown (Gallivan, Dusty) (Entered: 01/14/2009) |
| 01/14/2009 | 29 | MOTION to Amend/Correct 7 Indictment by USA as to Tyrone Deshaun Brown. (Parras, Jeffrey) (Entered: 01/14/2009) |
| 01/14/2009 | 30 | MOTION in Limine by USA as to Tyrone Deshaun Brown. (Parras, Jeffrey) (Entered: 01/14/2009) |
| 01/15/2009 | 31 | ORDER GRANTING 29 Motion to Amend/Correct as to Tyrone Deshaun Brown (1). Signed by Judge Robert A. Junell. (sm, ) (Entered: 01/15/2009) |
| 01/20/2009 | 32 | ORDER as to Tyrone Deshaun Brown, ( Sentencing set for 4/10/2009 09:30 AM before Judge Robert A. Junell.). Signed by Judge Robert A. Junell. (sm, ) (Entered: 01/20/2009) |
| 01/20/2009 | 33 | Minute Entry for proceedings held before Judge Jeffrey C. Manske:Rearraignment held on 1/20/2009 ; Plea of guilty entered as to Tyrone Deshaun Brown (1) Count 2 ;Referred to Probation for Presentence Report (Minute entry documents are not available electronically.) (Court Reporter Digital.) (sm, ) (Entered: 01/20/2009) |
| 01/20/2009 | 34 | Consent to administration of guilty plea and Rule 11 Allocution by a United States Magistrate Judge by Tyrone Deshaun Brown (sm, ) (Entered: 01/20/2009) |
| 01/20/2009 | 35 | PLEA AGREEMENT as to Tyrone Deshaun Brown (Plea agreement documents are not available electronically.) (sm, ) (Entered: 01/20/2009) |
| 01/20/2009 | 36 | FACTUAL BASIS by USA as to Tyrone Deshaun Brown (sm, ) (Entered: 01/20/2009) |
| 01/20/2009 | 37 | FINDINGS OF FACT AND RECOMMENDATION on felony guilty plea before the United States Magistrate Judge as to Tyrone Deshaun Brown. Signed by Judge Jeffrey C. Manske. (sm, ) (Entered: 01/20/2009) |

| | | |
|---|---|---|
| 01/22/2009 | 38 | ORDER DENYING MOTION TO SUPPRESS as to Tyrone Deshaun Brown re 18 MOTION to Suppress *Evidence* filed by Tyrone Deshaun Brown, Order on Motion to Suppress. Signed by Judge Robert A. Junell. (sm, ) (Entered: 01/22/2009) |
| 03/04/2009 | 39 | ORDER accepting re 37 Findings of Fact on Plea as to Tyrone Deshaun Brown. Guilty plea accepted.. Signed by Judge Robert A. Junell. (sm, ) (Entered: 03/04/2009) |
| 03/23/2009 | 40 | ORDER RESETTING as to Tyrone Deshaun Brown, ( Sentencing reset for 4/17/2009 10:30 AM before Judge Robert A. Junell.). Signed by Judge Robert A. Junell. (sm, ) (Entered: 03/23/2009) |
| 04/17/2009 | 41 | Minute Entry for proceedings held before Judge Robert A. Junell:Sentencing held on 4/17/2009 for Tyrone Deshaun Brown (1), Count(s) 1, Dismissed count 1 on government's motion.; Count(s) 2, It is ordered the defendant shall pay a special assessment of $100.00. The defendant is hereby committed to the custody of the BOP for 70 months. Upon release, the defendant shall be on supervised release for 5 years. The defendant shall pay a fine of $2,500.00.; Count(s) 3, Dismissed count 3 on government's motion.. (Minute entry documents are not available electronically.) (Court Reporter Todd Anderson.) (sm, ) (Entered: 04/17/2009) |
| 04/24/2009 | 42 | JUDGMENT AND COMMITMENT as to Tyrone Deshaun Brown. Defendant sentenced to a term of 70 months, 5 years supervised release and $100.00 special assesment.. Signed by Judge Robert A. Junell. (lg, ) (Entered: 04/24/2009) |
| 04/28/2009 | 43 | AMENDED JUDGMENT as to Tyrone Deshaun Brown (1), Count(s) 1, Dismissed count 1 on government's motion.; Count(s) 2, It is ordered the defendant shall pay a special assessment of $100.00. The defendant is hereby committed to the custody of the BOP for 70 months. Upon release, the defendant shall be on supervised release for 5 years. The defendant shall pay a fine of $2,500.00.; Count(s) 3, Dismissed count 3 on government's motion.. Signed by Judge Robert A. Junell. (sm, ) (Entered: 04/28/2009) |
| 04/13/2011 | 44 | Letter/Correspondence to USA regarding pick up of exhibits as to Tyrone Deshaun Brown (rew, ) (Entered: 04/13/2011) |
| 04/20/2011 | 45 | EXHIBIT RECEIPT by USA as to Tyrone Deshaun Brown (sm, ) (Entered: 04/20/2011) |
| 12/05/2011 | 46 | MOTION for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC 3582 by Tyrone Deshaun Brown. (Attachments: # 1 Envelope)(rew, ) (Entered: 12/06/2011) |
| 02/11/2013 | 47 | ORDER DENYING 46 Motion to Reduce Sentence re Crack Cocaine Offense - 18:3582 as to Tyrone Deshaun Brown (1). Signed by Judge Robert A. Junell. (ys) (Entered: 02/11/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/24/2017 16:20:45 | | |
| **PACER Login:** | uc1506:4244178:4259697 | **Client Code:** |

Case 1:17-cr-00033-C-BL   Document 2   Filed 04/24/17   Page 7 of 23   PageID 9

| **Description:** | Docket Report | **Search Criteria:** | 7:08-cr-00209-RAJ |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

FILED

OCT 2 2 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

MO 08 CR 0209

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. |
| | ) **I N D I C T M E N T** |
| Plaintiff, | ) [Vio: 21 U.S.C. § 841(a)(1)- |
| | ) **Possession With Intent to** |
| V. | ) **Distribute a Controlled Substance;** |
| | ) **18 U.S.C. § 924(c)(1) - Possession of** |
| | ) **Firearms in Furtherance of Drug** |
| | ) **Trafficking Crime;** |
| TYRONE DESHAUN BROWN, | ) **21 U.S.C. § 856(a)(2) - Maintain a Place** |
| | ) **for the Purpose of Distributing or** |
| Defendant. | ) **Manufacturing Cocaine Base, "Crack"]** |

### THE GRAND JURY CHARGES:

### COUNT ONE
### [21 U.S.C. § 856(a)(2)]

That on or about September 5, 2008, in the Western District of Texas, the Defendant,

**TYRONE DESHAUN BROWN,**

managed and controlled a place, specifically 3111 Loma Drive, in Midland, Texas; and

knowingly and intentionally made said place available for use for the purpose of

manufacturing, distributing and using cocaine base, "Crack," a Schedule II Controlled

Substance, in violation of Title 21, United States Code, Sections 856(a)(2).

### COUNT TWO
### [21 U.S.C. § 841(a)(1)]

That on or about October 10, 2008, in the Western District of Texas, the Defendant,

### TYRONE DESHAUN BROWN,

knowingly and intentionally possessed with intent to distribute a controlled substance, which

offense involved five (5) grams or more of a mixture and substance containing a detectable

amount of cocaine base, "Crack,", a Schedule II Controlled Substance, in violation of Title

21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

### COUNT THREE
### [18 U.S.C. § 924(c)(1)]

That on or about October 10, 2008, in the Western District of Texas, the Defendant,

### TYRONE DESHAUN BROWN,

did knowingly possess a firearm, to wit: a Smith and Wesson model 4566 .45 Caliber semi-

automatic handgun, serial number VKM7307, in furtherance of the drug trafficking crime

charged in Count Two of this Indictment, re-alleged herein, all in violation of Title 18,

United States Code, Section 924(c)(1).

A TRUE BILL.

Original signed by the
foreperson of the Grand Jury

FOREPERSON OF THE GRAND JURY

JOHNNY SUTTON
United States Attorney

JEFFREY J. PARRAS
Assistant United States Attorney

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SEALED: | **MO 08CR 02ɔ9** | UNSEALED: XX |
| COUNTY: Midland | DIVISION: MIDLAND/ODESSA | JUDGE: JUNELL |
| DATE: October 22, 2008 | MAG CT #: MO-08-267M | FBI #: |
| CASE NO: MO-08-CR- | ASSISTANT U.S. ATTORNEY: JEFFREY J. PARRAS | |
| DEFENDANT: TYRONE DESHAUN BROWN | | DOB: XXXXXXXXXXXX |
| ADDRESS: XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX | | |
| CITIZENSHIP: USC    INTERPRETER NEEDED No LANGUAGE: | | |
| DEFENSE ATTORNEY: | | |
| DEFENDANT IS: Temporarily Detained | | |
| DATE OF ARREST: October 10, 2008 | | BENCH WARRANT: NO |
| PROBATION OFFICER: | | |
| NAME AND ADDRESS OF SURETY: | | |
| YOUTH CORRECTIONS ACT APPLICABLE: No | | |
| PROSECUTION BY: Indictment | | |

OFFENSE (Code and Description): Ct. 1 - 21 USC 856 - Maintain establishment for the purpose of distributing cocaine base, "crack";
Ct. 2 - 21 USC 841(a)(1) & (b)(1)(C) - Possession with intent to distribute >5 grams of cocaine base, "Crack;"
Ct. 3 - 18 USC 924(c)(1) - Possession of firearms in furtherance of drug trafficking crime.

OFFENSE IS: FELONY

MAXIMUM SENTENCE: Ct. 1 - A term of imprisonment not to exceed 20 years; a 3 year minimum mandatory term of supervised release; a fine not to exceed $1 million; and a mandatory $100 special assessment.
Ct. 2 - A 5 year minimum mandatory term of imprisonment, not to exceed 40 years; a mand min 4 year term of supervised release; a fine not to exceed $2,000,000; and mandatory $100 special assessment.
Ct. 3 - A 5 year minimum mandatory term of imprisonment, not to exceed life imprisonment (to run consecutive to Ct. 2); a term of supervised release not to exceed 5 years; a fine not to exceed $250,000; and mandatory $100 special assessment.

PENALTY IS MANDATORY: As stated above.

REMARKS: AGENT:
Ed Marker, Detective
Midland Police Dept.
601 N. Loraine
Midland, Texas 79701

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

**FILED**

# UNITED STATES DISTRICT COURT
## Western District of Texas
### MIDLAND DIVISION

APR 2 4 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA

    v.

TYRONE DESHAUN BROWN

    Defendant.

Case Number   7:08-CR-209-01  RAJ
USM Number   17700-280

### JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, TYRONE DESHAUN BROWN, was represented by Dusty Gallivan.

On motion of the United States, the Court has dismissed Count(s) 1 & 3, with prejudice.

The defendant pled guilty to Count(s) 2 of the Indictment on January 20, 2009.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count (s) |
|---|---|---|---|
| 21 U. S. C. § 841(a)(1)<br>18 U. S. C. § 2 | Possession with Intent to Distribute<br>Cocaine Base | October 8, 2008 | 2 |

As pronounced on April 17, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the **23** day of April, 2009.

ROBERT JUNELL
United States District Judge

AO 245 B (Rev. 06/05)(W.D.TX.) - Imprisonment

Judgment--Page 2

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01 RAJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 70 months.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I., Big Spring.

That If eligible, the defendant participate in the 500 - Hour Intensive Drug Abuse Education Program.

That the defendant participate in the Bureau of Prisons' Inmate Job Training Program while incarcerated.

That the defendant participate in the Bureau of Prisons' Inmate Education Program while incarcerated.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01  RAJ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment; and shall comply with the following additional conditions:

X      The defendant shall not be permitted to reside any place where firearms are possessed or stored.

X      The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

X      The defendant shall establish an account with the Texas Attorney General's office for the support of his minor children.

X      The defendant shall not be permitted to travel or reside in the area of Midland, commonly known as  "the Flats", which is South of Front Street, North of Florida Street, West of Fairgrounds Road, and East of Main Street, during the term of supervision. The defendant is also prohibited from visiting or frequenting all the motels/hotels along the West Wall/Business 20 strip of highway.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 4

Defendant: TYRONE DESHAUN BROWN
Case Number: 7:08-CR-209-01 RAJ

### CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01  RAJ

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer.  The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release.  The defendant shall not illegally re-enter the United States.  If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____.  Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months.  During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period.  At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform ____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 6

Defendant: TYRONE DESHAUN BROWN
Case Number: 7:08-CR-209-01 RAJ

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 200 E. Wall, Room 107, Midland, Texas 79701.
The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTAL: | $100.00 | $0 | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

**FILED**

# UNITED STATES DISTRICT COURT
## Western District of Texas
### MIDLAND DIVISION

APR 2 8 2009

CLERK, U. S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

TYRONE DESHAUN BROWN

    Defendant.

Case Number   7:08-CR-209-01 RAJ
USM Number   17700-280

## AMENDED
### JUDGMENT IN A CRIMINAL CASE
#### (For Offenses Committed On or After November 1, 1987)

The defendant, TYRONE DESHAUN BROWN, was represented by Dusty Gallivan.

On motion of the United States, the Court has dismissed Count(s) 1 & 3, with prejudice.
The defendant pled guilty to Count(s) 2 of the Indictment on January 20, 2009.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count (s) |
|---|---|---|---|
| 21 U. S. C. § 841(a)(1)<br>18 U. S. C. § 2 | Possession with Intent to Distribute<br>Cocaine Base | October 8, 2008 | 2 |

    As pronounced on April 17, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

    Signed this the _28_ day of April, 2009.

ROBERT JUNELL
United States District Judge

AO 245 B (Rev. 06/05)(W.D.TX.) - Imprisonment

Judgment--Page 2

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01  RAJ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 70 months.

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve this sentence at F. C. I., Big Spring.

That If eligible, the defendant participate in the 500 - Hour Intensive Drug Abuse Education Program.

That the defendant participate in the Bureau of Prisons' Inmate Job Training Program while incarcerated.

That the defendant participate in the Bureau of Prisons' Inmate Education Program while incarcerated.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01  RAJ

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Five (5) years.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on pages 4 and 5 of this judgment; and shall comply with the following additional conditions:

X    The defendant shall not be permitted to reside any place where firearms are possessed or stored.

X    The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

X    The defendant shall establish an account with the Texas Attorney General's office for the support of his minor children.

X    The defendant shall not be permitted to travel or reside in the area of Midland, commonly known as  "the Flats", which is South of Front Street, North of Florida Street, West of Fairgrounds Road, and East of Main Street, during the term of supervision. The defendant is also prohibited from visiting or frequenting all the motels/hotels along the West Wall/Business 20 strip of highway.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 4

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01  RAJ

### CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 1413a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U. S. C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01 RAJ

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer.  The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer.  The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release.  The defendant shall not illegally re-enter the United States.  If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____.  Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months.  During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period.  At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.  The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform ____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 6

Defendant:  TYRONE DESHAUN BROWN
Case Number:  7:08-CR-209-01  RAJ

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court,  200 E. Wall, Room 107, Midland, Texas 79701.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTAL: | $100.00 | **$2,500.00** | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

### Fine

**The defendant shall pay a fine of $2,500.00.  Payment of this sum shall begin immediately.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1)  assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest,  (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**FILED**

FEB 11 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.   MO-08-CR-209 |
| | § | |
| TYRONE DESHAUN BROWN | § | |

### ORDER

Before the Court is the Defendant's Motion to Request Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) [Doc. 46] filed in the above-styled and numbered cause.  The Defendant's Motion is based upon Amendments 750 and 759 of the Sentencing Guidelines which reduced the guideline calculations for "crack" cocaine offenses and are to apply retroactively. Having reviewed the Motion and the file in this case, the Court **DENIES** the Defendant's Motion. The Court finds the Defendant's guideline range is the same under the most recent amendment as it was under the previous amendments.  Accordingly,

IT IS ORDERED that Defendant's Motions to Request Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) [Doc. 46] filed in the above-styled and numbered cause is **DENIED**.

IT IS SO ORDERED.

SIGNED this _____ day of January, 2013.

ROBERT JUNELL
UNITED STATES DISTRICT JUDGE